**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SALIM S ISMAIL,

                     Plaintiff,

               -v-                                1:26-CV-297 (AJB/DJS)

ALBANY CITY SCHOOL DISTRICT _et al._,

                     Defendants.

_____

**APPEARANCES:**                                      **OF COUNSEL:**

SALIM S ISMAIL
Plaintiff, Pro Se
154 2nd Street
Albany, NY 12210

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On February 23, 2026, _pro se_ plaintiff Salim S Ismail ("plaintiff") filed this 42 U.S.C. § 1983 action seeking, _inter alia_, a declaration that the "FBI policy" of the Albany City School District and Albany Police Department—that is, these entities' policy and practice of "crying wolf to the APD, FBI, ATF&E, DEA, US Marshalls, CBP, HSI, ICE, Secret Service, Federal Protective Service, DSS, IRS, CGIS, NCIS, Army CID, and any other law enforcement agencies within their 'partnerships' by painting, framing, and labelling people that fight back against them and their treacherous ways as terrorists"—is unconstitutional. _See_ Dkt. No. 1 (errors in original). Along with his complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application"), Dkt. No. 2, and filed a letter motion seeking "to recuse the Judges of this Court from touching this case," Dkt. No. 3.

On April 2, 2026, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review of the complaint and advised by Report & Recommendation ("R&R") that the pleading be dismissed with leave to amend. Dkt. No. 9. There, Judge Stewart explained that the precise nature of plaintiff's allegations were unclear but, liberally construed, plaintiff appeared to be complaining about events that occurred while he was a high school student in the Albany City School District. *Id*. In Judge Stewart's view, the pleading's lack of clarity—and in particular its failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure—warranted dismissal but, because plaintiff was *pro se*, the dismissal should be <u>with</u> leave to amend. *Id*. Judge Stewart further recommended that plaintiff's letter motion seeking the blanket recusal of all of the judges of this judicial district be denied. *Id*.

Plaintiff has lodged objections. Dkt. No. 12. There, plaintiff prefaces his objections by stating:

> You can be mad. You can be mad. You can be MAD; and you may not like it, but I stand by my complaint. I do. I really really RE-ALLY do. I stand 10 toes down on every single last one of the things I wrote and the things that I said.

Dkt. No. 12 at 1 (emphases and errors in original). Plaintiff goes on to complain that Judge Stewart's R&R actually demonstrates why his motion for recusal is meritorious. *See id*. Plaintiff then opines that:

> Unfortunately, this is quickly starting to turn into another one of those disgusting situations that I had with [U.S. District Judge] Suddaby in my other case where I was turned a deaf ear to, not given an explanation, terrorized with the power of the gavel, and stripped of my 5th Amendment right to due process.
>
> . . . .
>
> So I'm asking you to reconsider it again and get the hell of my case.

Dkt. No. 12 at 2 (errors in original). In conclusion, plaintiff states:

> While I do plan to file an amended complaint, it is for a very different reason than what you articulated and not going to be done so soon.
>
> Y'all don't have to like it.  I don't care.  I don't care.  I do not care.  FUCK OFF MY CASE.  But do NOT touch my case under any circumstances whatsoever.  Especially because this Court is a death trap for certain litigants.  That's not what a Court is supposed to be, but unfortunately that's what this one is.  It is not funny.  That's been proven to be true time, time, time, time, and then AGAIN: Not only by Ecf 91, 84, 84, 75, 63, 52, 48, 46, and 44 of my other case(1:24-cv-983) (where it is just fucking damning and abhorrent) but also by this report from you; and by everything that I said in my motion for recusal.
>
> While it would be great if my case could actually be treated for and regarded for its merits, that is a non existent thing in this district for *pro se* litigants, in totality, and for people who are not white.
>
> It's time to clean house and wrap up this puppet theatre façade that you call a Court.  Be mad all you want.

Dkt. No. 12 at 7 (emphases and errors in original).

Upon *de novo* review, Judge Stewart's R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).  Although the Court is skeptical that permitting amendment will be productive here, the Court agrees with Judge Stewart's approach in light of our general practice when it comes to *pro se* litigants, that is, to identify the deficiencies in the initial pleading and offer an opportunity to correct them through amendment.

That said, plaintiff's motion for blanket recusal of all the judges in this judicial district was and is plainly meritless, and his expletive-laden objection (filed at Dkt. No. 12) does not provide a basis on which to conclude otherwise.  Further, although plaintiff complains that he was treated unfairly in a prior civil action that was filed in this judicial district, a review of the filings and docket report in that action actually shows that plaintiff's abusive litigation conduct eventually earned him a bar order in that case.  *See* 1:24-CV-982 (GTS/PJE) at Dkt. No. 91.  Plaintiff is

cautioned that abusive litigation tactics will not be tolerated in this action, either.  Indeed, the IFP statute requires a court to dismiss a case "at any time" if it determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 9) is ACCEPTED;

2.  Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 10) is DENIED as moot because he has already been granted IFP status (at Dkt. No. 8);

3.  Plaintiff shall have THIRTY DAYS in which to file an amended complaint that conforms with the instructions set forth in Judge Stewart's R&R;

4.  If plaintiff timely files an amended complaint, the Clerk is directed to REFER the file to Judge Stewart for further action as appropriate; and

5.  If plaintiff does not timely file an amended complaint, the Clerk is directed to enter a judgment dismissing this action and close the file without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  May 8, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge

- 4 -