**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SALIM S. ISMAIL,

                          Plaintiff,

             v.

ALBANY CITY SCHOOL DISTRICT, *et al.*,

                        Defendants.

1:26-CV-297
(AJB/DJS)

**APPEARANCES:**

SALIM S. ISMAIL
Plaintiff, *Pro Se*
Albany, New York 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On April 2, 2026, this Court issued a Report-Recommendation recommending that the Complaint in this matter, Dkt. No. 1, Compl., be dismissed with leave to amend. Dkt. No. 9, Report-Recommendation. Plaintiff filed objections to the Report-Recommendation. Dkt. No. 12. On May 8, 2026, the District Court adopted the Report-Recommendation and granted Plaintiff leave to file an Amended Complaint. Dkt. No. 14. On June 9, 2026, Plaintiff filed an Amended Complaint. Dkt. No. 16, Am. Compl.[1]

---

[1] Citations to Plaintiff's Amended Complaint are to page numbers provided by the Court's CM/ECF system.

The Amended Complaint is before the undersigned for review pursuant to 28 U.S.C. § 1915 ("Section 1915").

The legal standard for review under Section 1915 was previously outlined in this Court's prior decision, Report-Recommendation at pp. 3-5, and need not be recounted in detail herein.  In summary, this Court's task under Section 1915(e) is to consider whether Plaintiff's Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]  Courts undertaking this review should liberally construe the pleadings.  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

The precise nature of Plaintiff's allegations continues to remain unclear but, liberally construed, Plaintiff complains about events that occurred while he was a high school student in the Albany City School District.  *See generally* Am. Compl.  Upon review of the Amended Complaint, the Court again recommends dismissal.  Little has changed from a legal perspective with the filing of the Amended Complaint.  The Report-Recommendation advised that Plaintiff's Complaint was subject to dismissal because it failed to comply with basic pleading requirements and did not provide fair notice of the claims being asserted so as to give Defendants the opportunity to file a responsive answer

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

and prepare an adequate defense.  Report-Recommendation at pp. 7-11.  The Amended Complaint does not cure these defects.  To demonstrate this, the Court provides just a few notable examples.

First, the Amended Complaint again names as Defendants Lynee C. Rutnik, Robert Gregory Magee, Albany City School District Board of Education, the United States of America, and the United States Department of Justice.  Am. Compl. at pp. 1 & 11-12.  However, despite this Court's prior warning, Report-Recommendation at p. 8, the Amended Complaint again lacks factual support addressing how any of these Defendants violated any of the named statutes to justify their inclusion in this action.  *See generally* Am. Compl.  The same is true of two of the new Defendants that Plaintiff now names in the Amended Complaint: Todd Wallace Blanche, the Acting Attorney General of the United States, and Kaweeda G. Adams.  *Id.* at pp. 1, 11, 13-14, & 24.

Second, while the eight "count[s]" contained in the Amended Complaint now indicate which Defendants they are brought against, *id.* at pp. 46-64, they are still rife with errors.  Most notably, as before, Report-Recommendation at pp. 8-9, the Amended Complaint merges together numerous different alleged violations into a single cause of action.  *See generally* Am. Compl. at pp. 8-9.  For example, "Count 1" contains a slew of factual allegations, *id.* at pp. 46-49, and then summarily concludes that "[a]ll of that violates the 4th Amendment(seisure), the 5th Amendment(liberty, due process, and EPC), the 8th Amendment, the 14th Amendment(liberty, due process, and EPC), the 1st

Amendment, and the UN Declaration of Human Rights Article 26." *Id.* at p. 49 (errors in original). The same issue occurs in Counts 3 through 8. *See generally id.* at pp. 50-63.

The only "[c]ount" that does not contain this error is Count 2, which alleges that Lori Anne McKenna and Kaweeda G. Adams "violate[d] FERPA 99.20(a)" based on McKenna refusing to remove PreCalc from Plaintiff's transcript upon his request. *Id.* at pp. 49-50. This fails to adequately allege a legally cognizable claim because FERPA does not provide a private right of action. *See Smith v. Clarence J. Smith*, 2026 WL 1284104, at *10 (N.D.N.Y. May 11, 2026) (citation omitted); *Khalil v. Pratt Inst.*, 2017 WL 8813136, at *9 (E.D.N.Y. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 705306 (E.D.N.Y. Feb. 2, 2018) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 289 (2002)).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Plaintiff has already been granted leave to amend, Dkt. No. 14, and has availed himself of that opportunity. *See generally* Am. Compl. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when he took no

steps to do so with [the] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases). The Court, therefore, recommends that the Amended Complaint be dismissed without further leave to amend.

**ACCORDINGLY,** it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 16) be **DISMISSED** without leave to amend; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>.** *Roldan v.*

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  June 30, 2026
　　　　Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge