**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SALIM S ISMAIL,

              Plaintiff,

        -v-                                   1:26-CV-297 (AJB/DJS)

ALBANY CITY SCHOOL DISTRICT *et al.*,

              Defendants.

---

APPEARANCES:                              OF COUNSEL:

SALIM S ISMAIL
Plaintiff, Pro Se
154 2nd Street
Albany, NY 12210

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On February 23, 2026, *pro se* plaintiff Salim S Ismail ("plaintiff") filed this 42 U.S.C. § 1983 action seeking, *inter alia*, a declaration that the "FBI policy" of the Albany City School District and Albany Police Department—that is, these entities' alleged policy and practice of "crying wolf to the APD, FBI, ATF&E, DEA, US Marshalls, CBP, HSI, ICE, Secret Service, Federal Protective Service, DSS, IRS, CGIS, NCIS, Army CID, and any other law enforcement agencies within their 'partnerships' by painting, framing, and labelling people that fight back against them and their treacherous ways as terrorists"—is unconstitutional.  *See* Dkt. No. 1 (errors in original). Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, and filed a letter motion seeking "to recuse the Judges of this Court from touching this case," Dkt. No. 3.

On April 2, 2026, U.S. Magistrate Judge Daniel J. Stewart conducted an initial review of the complaint and advised by Report & Recommendation ("R&R") that the pleading be dismissed with leave to amend. Dkt. No. 9. There, Judge Stewart explained that the precise nature of plaintiff's allegations were unclear but, liberally construed, plaintiff appeared to be complaining about events that occurred while he was a high school student in the Albany City School District. *Id*.

In Judge Stewart's view, the pleading's lack of clarity—and in particular its failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure—warranted dismissal but, because plaintiff was *pro se*, the dismissal should be with leave to amend. Dkt. No. 9. Judge Stewart further recommended that plaintiff's letter motion seeking the blanket recusal of all of the judges of this judicial district be denied. *Id*.

Plaintiff lodged objections. Dkt. No. 12. There, plaintiff prefaced his objections by stating:

> You can be mad. You can be mad. You can be MAD; and you may not like it, but I stand by my complaint. I do. I really really REALLY do. I stand 10 toes down on every single last one of the things I wrote and the things that I said.

Dkt. No. 12 at 1 (emphases and errors in original). Plaintiff went on to complain that Judge Stewart's R&R actually demonstrated why his motion for recusal was meritorious. *See id*. Plaintiff then opined that:

> Unfortunately, this is quickly starting to turn into another one of those disgusting situations that I had with [U.S. District Judge] Suddaby in my other case where I was turned a deaf ear to, not given an explanation, terrorized with the power of the gavel, and stripped of my 5th Amendment right to due process.
>
> . . . .
>
> So I'm asking you to reconsider it again and get the hell of my case.

Dkt. No. 12 at 2 (errors in original). In conclusion, plaintiff stated:

- 2 -

> While I do plan to file an amended complaint, it is for a very differ-
> ent reason than what you articulated and not going to be done so
> soon.
>
> Y'all don't have to like it.  I don't care.  I don't care.  I do not care.
> FUCK OFF MY CASE.  But do NOT touch my case under any cir-
> cumstances whatsoever.  Especially because this Court is a death
> trap for certain litigants.  That's not what a Court is supposed to be,
> but unfortunately that's what this one is.  It is not funny.  That's been
> proven to be true time, time, time, time, and then AGAIN: Not only
> by Ecf 91, 84, 84, 75, 63, 52, 48, 46, and 44 of my other case(1:24-
> cv-983) (where it is just fucking damning and abhorrent) but also by
> this report from you; and by everything that I said in my motion for
> recusal.
>
> While it would be great if my case could actually be treated for and
> regarded for its merits, that is a non existent thing in this district for
> *pro se* litigants, in totality, and for people who are not white.
>
> It's time to clean house and wrap up this puppet theatre façade that
> you call a Court.  Be mad all you want.

Dkt. No. 12 at 7 (emphases and errors in original).

On May 8, 2026, this Court adopted Judge Stewart's R&R in full.  Dkt. No. 14.  In doing so, the Court expressed skepticism that permitting amendment would be productive in light of the nature of the pleading's allegations and the substance of plaintiff's objections.  *Id*.  Even so, the Court agreed with Judge Stewart's approach, which was consistent with this district's general at-titude toward civil rights cases filed by unrepresented litigants.  *Id*.

In adopting the R&R, the Court specifically determined that plaintiff's motion for blanket recusal of all the judges in this judicial district was plainly meritless, and that plaintiff's expletive-laden objection (which was filed at Dkt. No. 12) did not provide any basis on which to conclude

otherwise.[1]  Dkt. No. 14.  At that time, the Court also cautioned plaintiff that abusive litigation tactics would not be tolerated in this action, either.  *Id.*

Thereafter, plaintiff filed an amended complaint, Dkt. No. 16, a letter stating that "I know that I've now filed my amended complaint, but Do not touch shit; Do not touch shit; Do not touch SHIT beyond what I say," Dkt. No. 17 (errors in original), and a letter to the Clerk of the Court requesting that he update PACER "to include all of the new respondents," Dkt. No. 18.

On June 30, 2026, Judge Stewart reviewed the amended complaint and advised by R&R that it be dismissed without leave to further amend.  Dkt. No. 19.  There, Judge Stewart explained that plaintiff's amended pleading failed to cure the defects that he had previously identified, including but not limited to the fact that it lacked "factual support addressing how any of [the] Defendants violated any of the named statutes."  *Id.*  Further, because the amended complaint's allegations were no more cogent than those that were included in the initial pleading, Judge Stewart recommended that leave to further amend be denied.  *Id.*

Plaintiff has lodged objections.  Dkt. No. 20.  There, plaintiff begins by stating that:

> This case is not meant for any of you bastards because every single last one of you are fascinerously evil pricks.  I will never apologize. That's why I immediately filed a motion for recusal.  That was done for a very very VERY good reason.  And it immediately showed with the first report & recommendation at Ecf 9, with Ecf 14, and yet again with this one.

Dkt. No. 20 (emphases and errors in original).  Plaintiff goes on to explain that, in his view, the pleading has to be laid out in the exact fashion that he has chosen—using the exact rhetoric that he has selected—because it is "extremely extremely complex, spans multiple years, multiple respondents, and just is not a simple case, it gets extremely extremely confusing at times."  *Id.* at 2.

---

[1] The Court also noted that although plaintiff complained that he was treated unfairly in a prior civil action that was filed in this judicial district, a review of the filings and docket report in that action actually showed that plaintiff's abusive litigation conduct earned him a bar order in that case.  *See* 1:24-CV-982 (GTS/PJE) at Dkt. No. 91.

For these and other reasons, plaintiff contends that the "Court does not have the jurisdiction to dismiss my complaint on this ground." Dkt. No. 2 at 3. In addition, plaintiff states that:

> I was also planning to file another version of my amended complaint right after I filed the current one, but I did not have the time to make the necessary changes then; so I said stay the deadline so that I could file it later on. Once I realised that was not going to happen because the bastards that you crapholes are, told the Clerk's office to terminate my case if I didn't file it by the deadline, I decided to just get something in before the deadline so that my case would not be dismissed; and I didn't wanna have to go through the painstaking process of appealing that. But I do know Appellate litigation. So I will NOT hesitate to use it to fight any of you.

Dkt. No. 20 at 4 (errors in original). Thereafter, plaintiff explains why his amended complaint is in fact a meritorious pleading. *Id*. at 4–8. In conclusion, plaintiff states:

> I KNOW what I'm doing. And I have well laid out each and every single last ground with specificity. Mr. Stewart's report & recommendation must be denied accordingly under 12(b)(1) & 12(b)(6) for all the reasons outlined supra.
>
> To Daniel James Stewart: I do NOT apologise. You can go off and be mad, but since you keep doing crap like this, do not be surprised when people stop trusting you. That applies to every single last NDNY "Judge".

Dkt. No. 20 at 8 (emphases and errors in original).

Upon *de novo* review, Judge Stewart's R&R is accepted in full. Judge Stewart's legal analysis was correct, and plaintiff's objections to that analysis are meritless. If anything, plaintiff's objections confirm what Judge Stewart determined: that permitting further amendment would not be productive. Accordingly, leave to further amend will be denied.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 19) is ACCEPTED; and

2. Plaintiff's amended complaint (Dkt. No. 16) is DISMISSED without leave to amend.

- 6 -

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  July 23, 2026
    Utica, New York.

Anthony J. Brindisi
U.S. District Judge